IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MICHAEL BAYRON<br><br>Plaintiff,<br><br>- *against* -<br><br>CARIBE HILTON HOTEL; HILTON INTERNATIONAL OF PUERTO RICO LLC, HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC; A, B, and C INSURANCE COMPANIES; CORPORATIONS A, B, and C; and JOHN DOE AND JANE DOE,<br><br>Defendants. | CIVIL NO:<br><br><br>Personal Injury; Diversity;<br>Jury Trial Demanded |

## **COMPLAINT**

TO THE HONORABLE COURT:

NOW COME THE PLAINTIFF, MICHAEL BYRON., ("Plaintiff"), through its undersigned counsel, NSPR LAW SERVICES LLC, bring this action against Defendants CARIBE HILTON HOTEL, HILTON INTERNATIONAL OF PUERTO RICO LLC, HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC, A, B, and C INSURANCE COMPANIES; CORPORATIONS A, B, and C and JOHN AND JANE DOE (collectively the "Defendants"), and in support thereof avers the following:

### I. NATURE OF THE ACTION

1. This is an action for damages in which Plaintiff requests relief for the physical and emotional injuries and resulting damages because of the negligence of the Defendants, its employees and by its operator and manager, and any other entity which was involved in the maintenance of the Hotel and their respective insurance companies. Plaintiffs allege that, as a result of the Defendants actions and/or omissions, the Plaintiff was caused to experience a fall at

or near the entrance of its room located at the Caribe Hilton Hotel while he was a patron of the resort, and that because of this event the Defendants, and each of them solely or jointly, are liable under Article 1536 of the Puerto Rico Civil Code, 31 L.P.R.A. § 10801 and Article 1538 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 10803, for the resulting damages.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332 as Plaintiff is a citizen of a State of New York, different from, and diverse to, all the other Defendants in this case, and their claims exceed the requisite jurisdictional amount of $75,000.00 exclusive of interests and costs.

3.     Venue for this action lies within the District of Puerto Rico, pursuant to 28 U.S.C. § 1391(a) because all the events that give rise to this claim occurred at the Caribe Hilton Hotel, 1 C. San Gerónimo, San Juan, 00901, Puerto Rico.

## III.     PARTIES

4.     Plaintiff MICHAEL BAYRON is an individual, of legal age, single, and a permanent resident of and domiciled in the state of New York, County of New York.

5.     Defendant CARIBE HILTON HOTEL is a corporation or other type of legal entity organized, existing under the laws of Puerto Rico.

6.     At all relevant times, CARIBE HILTON HOTEL conducted business as and/or controlled the CARIBE HILTON HOTEL, a hotel resort located in 1 C. San Gerónimo, San Juan, 00901, Puerto Rico which is also known as "Caribe Hilton".

7.     At all relevant times, CARIBE HILTON HOTEL acted by and through its agents, apparent agents, employees, co-venturers, and/or those vested with the garb of agency, acting

within the course and scope of their agency and employment, and in furtherance of CARIBE HILTON HOTEL's mission, business, and affairs.

8. Defendant HILTON INTERNATIONAL OF PUERTO RICO LLC is a limited liability company organized under the laws of Delaware and domiciled in Delaware and legally authorized to conduct business in the Commonwealth of Puerto Rico, its registered physical address: A4 Reparto Mendoza, Humacao, PR, 00791. The registered resident agent's name and address is RVM Professional Services, LLC, A4 Reparto Mendoza, Humacao, PR, 00791.

9. At all relevant times, HILTON INTERNATIONAL OF PUERTO RICO LLC. conducted business as and/or owned, managed and operated the CARIBE HILTON HOTEL, a hotel resort located at 1 C. San Gerónimo, San Juan, 00901, Puerto Rico.

10. At all relevant times HILTON INTERNATIONAL OF PUERTO RICO LLC acted by and through its agents, apparent agents, employees, co-venturers, and those vested with the garb of agency, acting within the course and scope of their agency and employment, and in furtherance of HILTON INTERNATIONAL OF PUERTO RICO LLC. and CARIBE HILTON HOTEL's mission, business, and affairs.

11. At all relevant times, HILTON INTERNATIONAL OF PUERTO RICO LLC acted for itself or as a co-venturer, coconspirator, aider, abettor and/or agent for the other Defendants pursuant to a joint venture as alleged more fully below.

12. Defendant HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC is a domestic limited liability company or other legal entity organized, existing, and operating under the laws of the Commonwealth of Puerto Rico, and a citizen of Puerto Rico with designated address A4 Reparto Mendoza, Humacao, PR, 00791 and mailing address A4 Reparto Mendoza, Humacao, PR, 00791. Its designated Resident Agent is RVM PROFESSIONAL SERVICES, LLC

with physical address at A4 Reparto Mendoza, Humacao, PR, 00791 and mailing address at A4 Reparto Mendoza, Humacao, PR, 00791.

13. At all relevant times, HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC. conducted business as and/or owned, managed and operated the CARIBE HILTON HOTEL, a hotel resort located at 1 C. San Gerónimo, San Juan, 00901, Puerto Rico.

14. At all relevant times HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC acted by and through its agents, apparent agents, employees, co-venturers, and those vested with the garb of agency, acting within the course and scope of their agency and employment, and in furtherance of HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC and CARIBE HILTON HOTEL's mission, business, and affairs.

15. At all relevant times, HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC acted for itself or as a co-venturer, coconspirator, aider, abettor and/or agent for the other Defendants pursuant to a joint venture as alleged more fully below.

16. Defendants A, B, and C INSURANCE COMPANIES are corporations organized or operating under the laws of the Commonwealth of Puerto Rico or of other state, and authorized to do business in Puerto Rico, which insure one or more co-defendants for the acts and/or omissions described herein or that ensure the hotel's facilities and/or are liable for the injuries and damages sustained by Plaintiffs. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against A, B, and C INSURANCE COMPANIES. Said Corporations, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

17. Upon information and belief CORPORATIONS A, B, and C are legal entities, whose identities are unknown to Plaintiff at this time, who caused or contributed to the injuries

and damages to the Plaintiff, but whose true identity and/or liability has not been ascertained at this time. Further, the individual fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject hotel and/or manage the business and/or hotel and/or had a duty to make the premises safe and/or keep the hotel safe condition to eliminate dangers to patrons and guests, such as those causing the injuries herein. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against CORPORATIONS A, B, and C. Said Corporations, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

18.     Upon information and belief, JOHN and JANE DOE Defendants are individuals, whose names and addresses are unknown to Plaintiff at this time, and who caused or contributed to the injuries and damages to the Plaintiffs, but whose true identity and/or liability has not been ascertained at this time. Further, the fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject hotel and/or manage the business and/or hotel and/or had a duty to make and/or keep the hotel in safe condition to eliminate dangers to patrons and guests, such as those causing the injuries herein. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against John and Jane Doe. Said JOHN and JANE DOE, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

## IV.    ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

19. CARIBE HILTON HOTEL is a luxury hotel located at 1 C. San Gerónimo, San Juan, 00901, Puerto Rico. and is also referred to as "CARIBE HILTON".

20. At all times mentioned herein, Plaintiff MICHAEL BAYRON, was a patron at the CARIBE HILTON HOTEL.

21. The Defendants individually, or jointly, marketed and advertised that the CARIBE HILTON HOTEL provided guests and patrons with amenities, including but not limited to, access to safe and properly maintained rooms.

22. On August 29, 2025, Plaintiff MICHAEL BAYRON was vacationing in Puerto Rico and staying in the CARIBE HILTON HOTEL as a patron, relying upon the Defendants to provide a safe and operational room for its use during his stay. Mr. BAYRON came to Puerto Rico to attend Bad Bunny's concert, on Saturday August 30, 2025, for which he already had tickets.

23. On August 30, 2025, at around 5:00pm, Plaintiff MICHAEL BAYRON, was entering his room when he slipped and fell to the floor because of a big puddle of water caused by a leakage from the roof of his hotel suite.

24. At the time of the accident, there were no signs or warnings to guests to advise that there was a dangerous condition.

25. Plaintiff called his friend José Nunez for assistance, who was also a patron at the CARIBE HILTON HOTEL. Hotel staff responded to the scene of the accident, acknowledging that the liquid accumulation on the floor of his suite was due to a of water coming from the roof of the suite he was staying. After the accident, personnel from the hotel entered the Plaintiff Room and use a vacuum machine to vacuum the water in the roof of the Plaintiffs suite and to help cleaning up the water in the floor.

- 7 -

26. After the accident, Plaintiff MICHAEL BAYRON was transported by ambulance to the Hospital.

27. As a direct and proximate cause of Defendants negligence, Plaintiff MICHAEL BAYRON suffered severe personal injuries including but not limited to injuries to the right shoulder, head, and neck.

28. As a direct and proximate result of Defendants negligence and the injuries sustained at the Hotel, Plaintiff MICHAEL BAYRON has been subject to surgery to his right shoulder and will continue to need further medical examinations, physical therapy, and additional treatment.

29. As a direct and proximate result of the injuries sustained at the CARIBE HILTON HOTEL, Mr. BAYRON suffers from constant and intense pain and is unable to perform various work and personal activities that he was able to perform without assistance prior to the accident.

30. As a direct and proximate result of Defendants' negligent and reckless acts, Plaintiff MICHAEL BAYRON has suffered long-term injuries.

31. At all times mentioned, Defendants were operating the Hotel and extended an invitation to the public to come for the purpose of doing business with them.

32. These occurrences and injuries occurred solely as a proximate result of Defendants' negligence, as a proximate result of the initial acts, negligence, lack of attention, and intentional and/or reckless acts on the part of Defendants, without any negligence on the part of the Plaintiffs contributing thereto.

33. Defendants, at the time of the accident, negligently and carelessly permitted the room's floor to become wet.

34. Defendants had actual and/or constructive notice of the dangerous condition.

35. The negligence of Defendants, in addition to that hereinabove alleged, consisted of:

      a. Failure to warn of the dangerous conditions on the premises;

      b. Failure to eliminate the dangerous conditions on the premises;

      c. Among other negligent acts, omissions, and breaches of duties which will be proved at trial.

36. As a direct and proximate result of Defendants' negligence, Plaintiff MICHAEL BAYRON has incurred medical expenses in the past and, in reasonable medical probability, will incur additional medical expenses in the future.

<u>**COUNT I**</u>
**NEGLIGENCE AGAINST DEFENDANTS**
**CARIBE HILTON HOTEL, HILTON INTERNATIONAL OF PUERTO RICO LLC, and HILTON WORLDWIDE INTERNATIONAL PUERTO RICO LLC**

37. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs, as if fully set forth herein.

38. Defendants had a non-delegable duty to maintain the hotel premises in a safe condition.

39. Upon information and belief, the dangerous condition that caused the numerous significant and severe injuries to the plaintiffs were known and created by Defendants.

40. These dangerous conditions on the premises posed a serious hazard to Plaintiff and other guests.

41. Defendants owed Plaintiff a heightened duty of care as invitees because they were invited onto the Hotel property for Defendants benefit and/or implied invitation of Defendants.

42. As an invitee, Defendants owed Plaintiff the utmost duty of care to make the hotel premises safe for Plaintiff and to protect them from all reasonable risk of dangerous conditions existing on the premises.

43. That Defendants breached their duty to protect Plaintiff from dangerous conditions in the hotel premises.

44. At all relevant times herein, Defendants knew of, or by exercise of reasonable care should have discovered the dangerous conditions that caused Plaintiffs' injuries.

45. Defendants are liable to Plaintiff for the said breaches of, and deviations from, acceptable standards of care, and for their own negligence and omissions, in:

- (a) Failing to provide adequate security in the room;

- (b) Failing to provide adequate supervision of their agents, apparent agents, employees, and those vested with the garb of agency, of the room;

- (c) Failing to supervise the hiring of its agents, apparent agents, and employees;

- (d) Failing to adequately train their agents, apparent agents, employees, and those vested with the garb of agency on proper policy and protocol regarding customer safety for or during resort occasions;

- (e) Hiring and permitting the hiring of the third-party vendor and or contractor without conducting a reasonable or proper security background check;

- (f) Retaining the third-party vendor and /or contractor although Defendants knew or should have known of the third-party vendor's unsafe propensities;

- (g) Hiring and contracting with the third-party vendor service or maintenance company without conducting a reasonable security background check of their employees and/or contractors;

- (h) Retaining the services of a third-party vendor when Defendants knew or should have known of safety concerns to its customers with utilizing the third-party vendor;

- (i) Failing to maintain its premises free of hazardous conditions;

- (j) Negligently inspecting the area and the equipment failing to identify the potential hazard or problems as it was foreseeable that the leaking air conditioner unit could cause Plaintiff's injuries;

- (k) Failing to warn of known dangers regarding safety concerns associated with leaking air conditioner units in hotel rooms;

(l) Failure to warn patrons of the liquid hazard created by Defendants;

(m) Failure to close the room when they knew, or should have known, that the air conditioner unit was leaking;

(n) Failure to close the room when they knew, or should have known, that the room has water leaking form the roof;

(o) By allowing guests and patrons into a room with a faulty air conditioner unit which was creating a hazardous condition via a wet floor;

(p) Failing to ensure that the air conditioner unit, and equipment were in good and proper working order to prevent the discharge of liquid onto the room floor and

(q) Failing to ensure that the water pluming equipment in the roof of the room were in good and proper working order to prevent the discharge of liquid onto the room floor and

(r) Failing to place proper signage warning guests of the dangers then and there existing related to the faulty air conditioner unit which was leaking;

(s) Failing to develop and implement maintenance guidelines and protocols in order to identify potential risks or conditions that could cause slip and falls, thereby allowing area to become unsafe;

(t) Ignoring policies and procedures for maintaining rooms and air conditioner units safely;

(u) Ignoring known hazards and dangerous conditions relating to the hotel room and air conditioner unit;

(v) Failing to develop and implement guidelines and protocols to respond to guests emergency incidents such as the one described herein;

(w) Failing to follow guidelines and protocols to respond to guests emergency incidents such as the one described herein;

(x) Failing to take sufficient steps to ensure that any employee and/or third-party company tasked with maintaining, cleaning, fixing, and/or inspecting the air conditioner unit was qualified to so and to recognize known and unknown hazards;

(y) Failing or ignoring industry standards, recommendations, procedures or guidelines relating to maintaining the air conditioner unit;

(z) Failing to require and ensure the use of safe and proper equipment;

(aa)   Failing to exercise due care with respect to the matters alleged in the Complaint;

46. As a direct and proximate result of the negligence of Defendants, Plaintiff MICHAEL BAYRON suffered and will suffer serious, painful, and permanent physical and emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

47. As a further direct and proximate result of the negligence of Defendants, Plaintiff MICHAEL BAYRON required and will continue to require extensive medical and psychological treatment.

48. As a further direct and proximate result of the negligence of Defendants, Plaintiff MICHAEL BAYRON suffered and will continue to suffer loss of earnings, wages, and income..

49. The conduct of Defendants, as more fully set forth above, was egregious, outrageous, and in willful or reckless disregard of Plaintiffs' safety.

WHEREFORE, Plaintiff, respectfully requests judgment in his favor and against Defendants, jointly and severally, in an amount of two million dollars ($2,000,000.00) for compensatory damages and punitive damages, together with interest and costs of suit.

**COUNT II**
**NEGLIGENT MISREPRESENTATION**
(*Against All Defendants*)

50. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

51. Defendants knew or should have known that a defective air conditioner unit in a room intended for the use and enjoyment of hotel patrons created a potential hazard yet failed to disclose the same to Plaintiffs.

52. Defendants, having actual or constructive knowledge that a defective air conditioner unit in a room that was intended for hotel patrons created a potentially deadly hazard, expressly and impliedly advertised, represented and assured Plaintiffs that the room was safe.

53. Plaintiff, justifiably relying on the Defendants' reputation and material representations and assurances proceeded to use the room and air conditioner unit.

54. As a direct and proximate result of the material misrepresentations and omissions of Defendants, Plaintiff suffered and will continue to suffer physical and emotional pain and suffering, mental anguish, fear, anxiety, embarrassment, humiliation, inconvenience, and loss of life's pleasures.

55. As a further direct and proximate result of the misrepresentations and omission of Defendants, Plaintiff required and will continue to require extensive medical and psychological treatment.

56. As a further direct and proximate result of the misrepresentations and omission of Defendants, Plaintiff suffered economic damages.

57. Plaintiff respectfully requests judgment in their favor and against Defendants, jointly and severally, in an amount of two million dollars, $2,000,000.00 for compensatory damages and punitive damages, together with interest and costs of suit.

## COUNT III
### DIRECT ACTION

58. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

59. Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs. *P.R. Laws Ann. 26 § 2001.*

60. Defendants INSURANCE COMPANIES A, B, and C, issued policies of insurance covering the liability of the Defendants for the damages claimed by the Plaintiffs herein.

61. Defendants INSURANCE COMPANIES A, B, and C are liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Defendants.

62. Insurance Companies ABC issued policies of insurance covering the liability of the Defendants for the damages claimed by the Plaintiffs herein.

63. Insurance Companies ABC are liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Defendants.

**PUNITIVE DAMAGES**

64. Plaintiffs repeat and reallege all of the preceding paragraphs as if fully set forth herein.

65. Pursuant to Article 1538 of the Civil Code, when the negligent act or omission that proximately causes injuries to a third party is a crime, a reckless act or is done with wanton disregard of the life and safety of others, the injured party shall be entitled to punitive damages in an amount not to exceed two (2) times the amount of the damages suffered. See *PR Laws Ann 31 § 10803*.

66. Defendants are also liable for punitive damages because their negligent acts and omissions amount to a wanton disregard of the safety of the hotel's guests and were the proximate cause of above stated injuries and damages.

67. Therefore, the Defendants are liable to Plaintiffs for punitive damages equal to two (2) times the damages awarded to Plaintiffs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. For past and future general damages on each cause of action, according to proof;

2. For past and future hospital, medical, nursing care, treatment, and incidental expenses, according to proof;

3. For past and future loss of earnings and earning power, according to proof;

4. For past and future mental and emotional distress, according to proof;

5. For restitution, according to proof;

6. For punitive damages in an amount appropriate to punish and/or set an example of Defendants or is in any other way appropriate.

7. For past and future costs of suit incurred herein, and recovery for reasonable attorney fees and expenses of litigation;

8. For pre- and post-judgment interest as allowed by law;

9. For such other and further relief, the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

Dated: December 16, 2025.

- 15 -

Respectfully submitted,

s/Luis Vargas
**NSPR LAW SERVICES LLC.**
USDC-PR-219005
1302 Ponce de Leon Ave.,
Santurce, Puerto Rico 00907
Tel.: 212-397-1000
Email: lvargas@NSPRLaw.com